[Civ. No. 3555. Third Appellate District.—September 7, 1928.]

SAM B. WEST, Respondent, v. G. W. NEECE et al., Appellants.

Eugene Tincher for Appellants.

James L. Giffin for Respondent.

WEYAND, J., *pro tem.*—This action was brought to enforce the payment of a promissory note, dated June 7, 1924, in the sum of $2,000, and which note was by its terms pay-

.(1)

able November 15, 1924. Said note was executed by the appellants above named.

The complaint is in the usual form, and it alleges that on December 15, 1924, the appellants paid on the principal of said note the sum of $150, and that they paid on said day the sum of $70 on the interest thereon.

In the answer of the appellants, after making denial of the execution of said note, and denial of the payments of interest as in said complaint set out, the appellants apparently attempt to set up an affirmative defense of failure of consideration. In that behalf they allege that the note sued upon was given in consideration of the plaintiff's promise to deliver to defendants $10,000 worth of the capital stock of the Long Beach Realty Company, a corporation, and that this stock was never delivered as promised.

The trial court found against the appellants on the issues thus tendered, and gave plaintiff a judgment for the amount due on the note, less the payments. From this judgment the defendants appeal.

The evidence discloses that prior to the execution of the note here involved, and on November 1, 1923, one J. M. Hulett had made and executed his promissory note to plaintiff in the sum of $1,850. Hulett had attempted to secure the payment of this note by giving an order for the delivery of the above-mentioned shares of stock, which were then in process of being issued. The delivery of this stock was prevented by an order of the corporation commissioner of the state of California, excepting as to $450 worth thereof hereinafter referred to.

The evidence further shows that on November 1, 1923, the present defendants gave to plaintiff herein their promissory note in the sum of $2,000, and that just prior to June 7, 1924, plaintiff herein had brought suit thereon against the present defendants for its collection. Upon the bringing of this suit a settlement was effected whereby the defendants were assigned the Hulett note, and were given a dismissal of the suit then pending against defendants herein.

As a part of this settlement the defendants herein made and executed two several documents relating to the Hulett note and stock, and the promissory note then in suit against the defendants. One of said instruments was an acknowledgment of the assignment by plaintiff herein to defendants

of the Hulett note, and the instrument instructing the delivery of the stock above referred to. The second instrument was a written acknowledgment of the receipt of the Hulett note and the note previously given by defendants, and the dismissal of the suit against said defendants, as consideration for the execution of the note now in suit.

No form of fraud or deceit was alleged. Apparently defendants were attempting to show by testimony that there was no consideration for the execution of the note of November 1, 1923. This could not be allowed, unless by proper pleadings they brought those prior transactions in question. This they did not do. The note of November 1, 1923, was regularly sued upon, and in settlement of that suit then pending the defendants executed the present note, and accepted an assignment of the rights to the above-mentioned stock and actually received stock of the value of $450, and they accepted a dismissal of the suit then pending against themselves.

The prior note of December 1st given by defendants must be deemed to have been given for a valuable consideration. (Sec. 3105, Civ. Code.) Such pre-existing debt constitutes value. (Sec. 3106, Civ. Code.) Any benefit conferred by the present plaintiff on defendants was, if lawful in other respects, a sufficient consideration for the execution of the present note in question. (Sec. 1605, Civ. Code.) The former transactions being deemed legal in every way, and there being no pleading whereby the prior dealings were attacked, the trial court did not err in its refusal to permit defendants to go into all the transactions leading up to the execution of the first note. More especially is this so because of the written acknowledgments of the defendants at the time of the execution of the note here in suit.

We see no occasion to cite further authority in support of the views herein expressed.

The judgment of the lower court is affirmed.

Hart, J., and Finch, P. J., concurred.